Ashburn, J.
The errors assigned are: First, the court erred in the instructions given to the jury; second, the court erred in refusing to give to the jury the instructions requested by plaintiffs.
The plaintiffs requested the court to instruct the jury:
“ That if you shall find from the evidence in the case, that after the defendant, Werley, learned that the notes on which this suit is brought, had not been given for goods and merchandise sold by plaintiffs to the defendant, Nicholas Doman, at or about the time of giving the notes, he requested plaintiffs to give him time to pay the notes, and the plaintiffs in pursuance of such request, gave him time to pay the notes, he thereby waived the alleged fraud, and will be liable on the notes, although at the time he asked for time to pay the notes, and promised to pay them, he did not know that the facts alleged in his answer herein, would make a defense in law to the notes.”
This instruction the court refused to give, but had, against the objection of the plaintiff, on this point, said to .the jury:
*519 “ Now, if you find from the testimony that the facts are true, which I have said Mr. Werley sets up as a defense to these notes, and that he afterward promised to pay the notes, or asked for further time on them — still, if you find that he did so, not knowing the law, that these facts would be a defense for him, against the payment of the notes, but in ignorance of this principle of law — then, and in that case, such promise to pay or such asking for further time would not be a waiver by Werley of his said defense, and he will be entitled to your verdict.”
The bill of exceptions shows that testimony-was introduced by the parties, respectively, tending to prove the issues made by the pleadings.
The allegations in the pleadings and the testimony offered to support them, present two questions:
1. Do the facts alleged in the reply, that Werley asked for and got further time in which to pay the notes, with knowledge of the fraud, -waive the fraud ?
2. Must Werley have known that,the facts he alleges in his answer would, in law, have been a defense to the action before the promises and agreements mentioned in the reply would operate in his favor as a waiver of the fraud?
The first we answer in the affirmative, and the second in the negative.
The charge embraces both questions. It assumes that the facts alleged in the answer amount to fraud in fact, and that the facts alleged-in the reply would be a waiver of that defense, if Werley knew, at the- time the facts stated in the reply occurred, that in law the facts set out in the answer was a defense for him. So that plaintiffs’ right to a verdict in their favor was made to depend upon the knowledge of Werley of the legal effect of the facts alleged in his answer. We do not think this was the law of this case.
If he knew at the time the facts alleged in the reply occurred, that the facts alleged in the answer, constituting the fraud, existed, the law charged him with a knowledge of their legal effect.
*520 There are doubtless cases where justice and a correct administration of the law would require a court of equity to grant relief on account of a want of knowledge of the legal effect of a transaction. As in Evarts v. Strode, 11 Ohio, 480. That case and this one are in no particular alike. This is a case of voluntary ignorance. Werley might, by taking reasonable pains, have arrived at the necessary knowledge of his legal rights, in time to have protected himself. Where a party is so situated that he might, by using ordinary diligence, have become acquainted with his legal rights, and he neglects to do so, his ignoI’anee is voluntary. Chancellor Kent, in Storrs et al. v. Barker, 6 Johns. Ch. 166, states the ordinary rule when he says : “ It is rarely that a mistake in point of law, with full knowledge of all the facts, can afford a ground of relief.”
Without undertaking to say that there are no cases which are inconsistent with this rule, the real exceptions to it are very few, and generally stand upon some very urgent and pressing circumstances, or have something peculiar in their character that take them out of the general rule. Story Equity, secs. Ill, 137.
The court, in effect, charged the jury that Werley, with a full knowledge of the fraud practiced on him, but voluntarily ignorant of its legal effect as a defense, might safely ask for further time, and promise to pay the notes on that consideration, and not waive any right of defense he had by reason of the fraudulent acts of plaintiff alleged as a defense in the answer. This was not correct on principle. It was offering too strong an inducement to rely upon voluntary ignorance of legal rights, and making that salutary maxim, alike respected in law and equity, ignorantia legis neminem excusat, of no practical use. The principle of this maxim applies as well to the common law as to statute law.
It is a well-settled principle in judicial proceedings that when a party is called upon, from the nature of the proceedings, to make good his cause of action or defense, and he purposely or negligently fails to do so at the proper *521 time, he will be held to have waived his rights, whatever they may have been. 27 Ohio St. 233. So we take it, when a party has full knowledge of all the facts that would make for him a valid defense in a given case, a failure- to assert them at the proper time, from any cause over which he has control, will work a waiver, and cause him to lose the benefit thereof.
We think the court erred both as to the instruction given and in refusing to charge the jury as requested.
As we understand the argument, it is claimed that Werley’s promise to pay the notes, as alleged in the reply, was inoperative and void, being in parol, and therefore within the statute of frauds. This claim does not appear to be well founded. Werley’s waiver of his defense to the action left his obligation to pay the note to stand as if no such defense had ever existed — not as a promise to pay the debt of another, but rather to stand by his own obligation. His parol promise in this case operates as a waiver of his right to avoid his promise,, made in writing, as surety.
J udgment reversed, and cause remanded to the court of common pleas. •